IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARNELL R. SMITH | § | |
|     TDCJ-ID #745233 | § | |
| V. | § | C.A. NO. C-02-548 |
| | § | |
| DR. ALLAN PINCHBACK, ET AL. | § | |

**ORDER GRANTING IN PART, AND DENYING
IN PART, PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending is plaintiff's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 117). For the reasons stated herein, plaintiff's motion for reconsideration is granted to consider plaintiff's summary judgment response. Having considered plaintiff's response, the Court finds there is no genuine issue of a material fact regarding plaintiff's claims of deliberate indifference to serious medical needs, and plaintiff's request for reconsideration of summary judgment is DENIED.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed suit on December 13, 2002, alleging claims of deliberate indifference to his serious medical needs. Following initial screening, plaintiff's claims against Dr. Allan Pinchback and Dr. Robert Smith were retained. Plaintiff alleges that these defendants denied him dental treatment until he could demonstrate that he had passed a plaque brush test, despite the fact that he was in severe pain due to his crumbling teeth.

On June 27, 2005, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 111). On July 22, 2005, the Court granted defendants' summary judgment motion and entered final judgment. (D.E. 112, 113). In its order, the Court noted that plaintiff failed to file a response in opposition. (D.E. 112, at 1). On that same

date, plaintiff's summary judgment response was received in the Clerk's office. (D.E. 114). On August 5, 2005, plaintiff filed the instant motion for reconsideration.[1] (D.E. 117).

## II. DISCUSSION

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice. Id. The decision to reopen a case is within the sound discretion of the district court. Lavespere v. Niagara Mach. & Tool Works, Ins., 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

In his motion for reconsideration, plaintiff acknowledges that his response was due on July 18, 2005. (D.E. 117, at 2). He correctly points out, however, that his pleadings are deemed filed as of the date they are placed in the prison mail system. Houston v. Lack, 487 U.S. 266, 268-69 (1988) (the date the pleading is delivered to prison officials constitutes filing). The date the pleading is executed is the earliest date on which it could have been placed in the prison mail system. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

---

[1] Final judgment was entered on July 22, 2005. See (D.E. 113). Plaintiff had ten days, excluding weekends, to timely file his Rule 59(e) motion, that is, until August 5, 2005. Plaintiff's motion, filed on August 5, 2005, is timely.

Here, plaintiff executed his summary judgment response on July 16, 2005. (D.E. 114, at 10). In his motion for reconsideration, plaintiff states that he personally placed it in the prison mail system on July 18, 2005. (D.E. 117 at 2). Pursuant to Houston v. Lack, *supra*, and its prodigy, plaintiff has established that his summary judgment response was, in fact, timely filed. It was executed prior to the deadline and placed in the prison mail system on the last day for filing.[2] Accordingly, plaintiff's motion for reconsideration is granted to the extent the Court will consider plaintiff's summary judgment response.

In granting defendants' motion for summary judgment, the Court noted the chronology of plaintiff's dental complaints and conditions, and defendants' response thereto. As previously summarized in the order granting defendants' motion for summary judgment, plaintiff submitted a sick call request on July 29, 2002 complaining of "decaying wisdom tooth." He was seen by Dr. Pinchback on July 30, 2000, who noted that plaintiff's tooth number one was crumbling, but that plaintiff had no pain upon percussion. He also noted cavities at teeth number 16, number 36, and number 32, and mild periodontal disease, but again, that plaintiff had no complaints of pain. Plaintiff's oral hygiene was poor, and he was instructed on brushing and flossing, and released. Plaintiff did not file another sick call request until August 27, 2002, complaining of a toothache. He was scheduled for an examination and seen the next day by Dr. Pinchback who then extracted tooth number one.

---

[2] The Court accepts as true plaintiff's allegations regarding the filing of his response. As such, no prison mailroom log books are necessary, and plaintiff's motion requesting that those logs be produced is DENIED as moot.

Plaintiff did not submit another sick call request complaining of pain until January 10, 2003, when he complained of a toothache. Three days later, plaintiff was seen by Dr. Pinchback who performed a sedative filling of tooth number 31.

On July 14, 2003, plaintiff filed a grievance, complaining of severe dental pain. He was seen that same day. X-rays revealed that the filling in tooth number 31 was still in place. Dr. Pinchback filled tooth number three.

Plaintiff complains that he was in severe dental pain from July 2002 through October 2003, but the record soundly refutes this allegation. As to his crumbling wisdom tooth, tooth number one, there is no indication in the dental records that plaintiff was actively complaining of pain when he was seen on July 30, 2002, and Dr. Pinchback ordered that he pass the plaque test. However, when plaintiff returned less than a month later complaining of pain, Dr. Pinchback extracted tooth number one that day.

Plaintiff complains that defendants were deliberately indifferent because they did not fill his cavities upon first discovery. He argues that had his cavities been filled when they were discovered in July 2002, he would have been spared pain and suffering, but that defendants required him to pass the plague test before they would treat him. To prove his pain, plaintiff offers the affidavits of a former cell-mate and a close friend who both testify as to plaintiff's strong mouth odor, swollen cheeks, and complaints of pain. Despite this evidence, there is no evidence in the record that either Dr. Pinchback or Dr. Smith were aware of plaintiff's pain. After tooth number one was extracted in August 2002, plaintiff did not file a sick call request until five months later, in January 2003, complaining of pain. He was seen within two days and received a filling in tooth number 31. Plaintiff did not complain of pain again until July 14, 2003, over 6 months later, and he was treated that day. There is nothing in the record to demonstrate that plaintiff was

experiencing the debilitating and severe pain of which he complains and of which he argues Dr. Pinchback and Dr. Smith should have been aware, and his dental records suggest the opposite: when he complained of pain, he was seen timely and received treatment.  There is no evidence that plaintiff filed repeated sick call requests and was denied such visits or treatments.  There is no indication that plaintiff sought pain medication from either defendant and was denied.

    Plaintiff's summary judgment response fails to establish a genuine issue of a material fact.  Accordingly, plaintiff's motion for reconsideration of the order granting defendants' motion for summary judgment is DENIED.

    ORDERED this 30th day of August 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE