IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARNELL R. SMITH | § | |
|     TDCJ-ID #666016 | § | |
| V. | § | C.A. NO. C-02-548 |
| | § | |
| DR. ALLAN PINCHBACK, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Pending is plaintiff's Rule 59(e) motion for reconsideration. (D.E. 132). For the reasons stated herein, plaintiff's motion for reconsideration of final judgment is denied and his request to reconsider the denial of his transcripts is denied.

### II. PROCEDURAL BACKGROUND

Plaintiff filed suit on December 13, 2002, alleging claims of deliberate indifference to his serious medical needs. Following initial screening, plaintiff's claims against Dr. Allan Pinchback and Dr. Robert Smith were retained. Plaintiff alleges that these defendants denied him dental treatment until he could demonstrate that he had passed a plaque brush test, despite the fact that he was in severe pain due to his crumbling teeth.

On June 27, 2005, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 111). On July 22, 2005, the Court granted defendants' summary judgment motion and entered final judgment. (D.E. 112, 113). In its order, the Court noted that plaintiff failed to file a response in opposition. (D.E. 112, at 1). On that same date, plaintiff's summary judgment response was received in the Clerk's office. (D.E. 114). On August 5, 2005, plaintiff filed a motion for reconsideration. (D.E. 117). On August 30, 2005, the Court granted plaintiff's motion for reconsideration, in part, to consider his summary judgment response; however, upon consideration of the response, the Court found that summary judgment

was proper in favor of defendants. (D.E. 122). On December 13, 2005, the Court denied plaintiff's request for transcripts. (D.E. 131). On December 27, 2005, plaintiff filed the instant motion for reconsideration, seeking reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 132).[1]

## II. DISCUSSION

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. United States Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). In this case, final judgment following reconsideration was entered on August 30, 2005. See (D.E. 113, 122). Plaintiff thus had ten days, or until September 10, 2005, to file a timely Rule 59(e) motion. The pending motion, filed on December 27, 2005, was filed outside this ten-day window, and as such, is not entertained properly under Rule 59(e). However, the Court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b). See Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998). Thus, the Court evaluates plaintiff's motion for reconsideration under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b).

---

[1] It is unclear whether plaintiff is seeking reconsideration of only the order denying transcripts, which is timely under Rule 59(e), or of both the transcript denial and summary judgment in favor of defendants, which must be evaluated under Rule 60(b).

2

In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for any of the first three reasons cited within Rule 60(b), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

Plaintiff fails to allege any specific Rule 60(b) grounds for relief. He does not claim that he is entitled to relief based on mistake, inadvertence, surprise or excusable neglect under subsection (1), Fed. R. Civ. P. 60(b)(1), nor does he argue that there exists any newly discovered evidence that might justify a new trial under subsection (2), Fed. R. Civ. P. 60(b)(2). He has not alleged fraud under subsection (3), Fed. R. Civ. P. 60(b)(3), nor that the judgment is void based on lack of jurisdiction or denial of due process so as to justify relief under subsection (4). Fed. R. Civ. P. 60(b)(4). See Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998) (judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law). He does not in any way rely on subsection (5) to support his motion for relief from judgment, Fed. R. Civ. P. 60(b)(5).

Similarly, plaintiff fails to establish that he is entitled to relief under the "any other reason" clause. Fed. R. Civ. P. 60(b)(6). Courts have found few narrowly-defined situations that clearly present "other reasons justifying relief." For example, courts have used Rule 60(b)(6) to return the parties to status quo where one party has failed to comply with a settlement agreement, where

fraud not covered by subsection (3) is present, or when the losing party fails to receive notice of entry of judgment in time to file an appeal. See 11 Charles Alan Wright, et al. Federal Practice and Procedure § 2864 (2d ed. 1995). The courts have declined to use Rule 60(b)(6) based on a change in federal law. See, e.g., Bailey v. Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990) (even a change in federal law does not constitute extraordinary circumstances). Plaintiff points to no "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6).

In his motion for reconsideration, plaintiff reurges the same arguments that he raised in his summary judgment response. See (D.E. 132, at 4). These arguments were previously considered and rejected. See (D.E. 122). Accordingly, plaintiff's motion for reconsideration of the order granting defendants' motion for summary judgment, (D.E. 132), is DENIED.

Plaintiff also seeks reconsideration of the Court's previous denial of his request for transcripts. See (D.E. 131). Plaintiff again asks that he be provided with copies of transcripts from the numerous telephonic hearings that were held in this case.

As previously noted, fees for transcripts furnished to persons permitted to appeal *in forma pauperis* shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). 28 U.S.C. § 753(f). To succeed on a motion for production of transcripts at the government's expense, an *in forma pauperis* plaintiff must show why transcripts are necessary for the proper disposition of his case or appeal. Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Plaintiff again fails to demonstrate why the transcripts are necessary to prosecute his appeal. He claims that he gave testimony in conflict with defendant's assertions. To the extent plaintiff claims that a fact issue exists to preclude summary judgment, he can point to those facts in the record. Plaintiff fails to offer any indication of how the transcript will assist him, either

factually or legally, in his appeal.  Moreover, payment may be ordered only if the transcript is required by the Fifth Circuit.  See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).  No such request has been made by the Court of Appeals.  Accordingly, plaintiff's motion for a transcript is DENIED without prejudice.

    ORDERED this 18th day of January 2006.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE